No. 21542.

GEORGE EARL MCGEE *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(413 P.2d 901)

Decided May 2, 1966.

THATCHER L. SHAW, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, AUREL M. KELLY, Special Assistant, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE SUTTON.

THE defendant, George Earl McGee, was charged by information with the crime of statutory rape, in violation of the provisions of C.R.S. '53, 40-2-25. After the appointment of counsel to assist in his defense, McGee entered pleas of not guilty and not guilty by reason of insanity. Defendant submitted to two psychiatric examinations, and thereafter he asked to withdraw his previous pleas and to enter a plea of guilty. The guilty plea was accepted by the trial court. McGee was thereafter sentenced to serve a term of not less than forty nor more than sixty years in the State Penitentiary.

Five months after his sentencing, the defendant filed his motion under Colo. R. Crim. P. 35(b), asserting that

the trial court was without jurisdiction to impose the sentence adjudged upon him. He contended that he could not legally have been convicted of rape, since if he was guilty of anything, he was guilty of incest, which crime carries a lesser penalty. At the hearing on this motion, counsel for defendant also filed a motion for new trial on the ground of newly discovered evidence which motion we, like the trial court, find to be without merit.

Counsel for the parties stipulated that the prosecutrix was the adopted daughter of the defendant. She was, in fact, his stepdaughter. The record clearly shows that acts of sexual intercourse had taken place between the defendant and the prosecutrix from the time the daughter was nine years of age and until she was fifteen; further, that the father was age thirty-nine at the time of the trial and the daughter age fifteen.

The trial court, after a full hearing where defendant was represented by newly appointed counsel, denied both the motion for new trial and the motion to vacate sentence, and reaffirmed the sentence previously entered in the cause. From this decision of the trial court, the defendant prosecutes the present writ of error. His contention now is that (1) he is not guilty; and, (2) in any event that in Colorado a man over the age of eighteen years who cohabits with his adopted daughter under the age of eighteen years, cannot, under our statutes, be charged and convicted of rape.

We have carefully read the record in this case as well as the statutes involved, and find no error in the trial court's original sentence nor in its denial of defendant's motion under 35(b) or his motion for a new trial.

The record shows that defendant, who was represented by competent counsel, changed his pleas of not guilty and not guilty by reason of insanity, knowingly, to one of guilty; that, there was a probation investiga-

tion and a full scale hearing at which the adopted daughter testified as to the incestuous relations which she said began after her father had threatened to, and sometimes did, whip her with a belt. The mere fact that the defendant at the hearing on his 35(b) motion denied the charge, is not determinative here. He was convicted on his own plea of guilty and cannot effectively claim at a later date, under the facts presented, that he was innocent.

C.R.S. '53, 40-2-25, under which the defendant was convicted, appears under the heading of "Offenses Against The Person" as "Rape." The applicable parts of this statute read:

"* * * Rape is an act of sexual intercourse, accomplished with, by or between a male and a female person * * *, where such female person is not the wife of the principal perpetrator, as distinguished from accessory to such offense, under any of the following circumstances:

"(1) By the male person where the female person is unmarried, and where the female person is under, and the male person is over the age of eighteen years; and this is rape in the first degree."

* * *

The penalty for "Rape" is set forth in C.R.S. '53, 40-2-28, which provides that first degree rape is punishable by a sentence of from three years to life in the state penitentiary (with certain exceptions not applicable here).

In addition, C.R.S. '53, 40-2-29 (which concerns rape) states that:

"Nothing in sections 40-2-25 to 40-2-29 shall be held to apply to, or in any manner interfere with, the laws against incest, * * * and other kindred offenses against the person."

The incest statute (C.R.S. '53, 40-9-6) reads:

"If a father shall rudely and licentiously cohabit with *his own* daughter, the father, on conviction, shall be

punished by confinement in the penitentiary for a term not exceeding twenty years." (Emphasis supplied.)

We shall consider the problem presented on McGee's premise that incest could be charged under the facts of this case, even though the incest statute has a provision that a defendant's "own" daughter is involved. As we view this statute (C.R.S. '53, 40-2-29), we do not see how it prohibits a charge of rape, even if the act charged comes within the definition contained in the incest statute. There can be no question that either or both of these crimes may be charged in an appropriate factual situation. This is so because rape and incest are separate and distinct crimes, with certain different elements essential to their proof.

The elements of the crime of statutory rape are (1) the act of sexual intercourse between male and female; (2) the unwed status of the female; (3) the age of the female under eighteen years; and (4) the age of the male over the age of eighteen years. C.R.S. '53, 40-2-25(1); and see 44 Am. Jur., *Rape* § 18. Neither force nor consent is involved. Nor does the rape statute refer to any familial relationship other than the marriage status.

The essential elements of incest, on the other hand, are (1) the act of sexual· intercourse; and, (2) such an act between persons related within the prohibited degrees defined by statute. 27 Am. Jur., *Incest* § 2. Neither the age of the victim nor the age of the perpetrator is material as a requisite of this offense. Nor is the unwed status of the female an element.

Clearly, where an act of sexual intercourse occurs between male and female persons, who are related within certain prohibited degrees, where the female is unmarried and under the age of eighteen, and the male is over the age of eighteen years, both the crime of statutory rape and the crime of incest could have been committed in the same transaction. Therefore, unless specifically prohibited by what is now C.R.S. 1963, 40-

2-29, the People may charge the male participant with either or both crimes.

As to the meaning of C.R.S. '53, 40-2-29, relating to the interpretation of the rape statute, we can be guided by the following: At the time of the adoption of the rape statutes in 1907, the laws against incest, the infamous crime against nature, adultery and fornication had been on the statute books for forty-six years, and seduction had been a statutory crime for twenty-two. Obviously, the legislature did not want these laws disturbed or interfered with simply because rape was being changed from a common law to a statutory offense. Consequently, the legislature said that nothing in these newly enacted rape statutes "shall be held to apply to, or in any manner interfere with, the laws against incest," and other kindred offenses.

This choice of language is a clear indication of the legislative intent to preserve the applicability of the laws against incest, and kindred offenses, as they had existed prior to the adoption of the rape statutes. Any other construction of the language would be tantamount to repeal by implication.

Thus, it must be concluded that rape and incest, as well as the other named kindred offenses, remain separate and distinct offenses.

So far, we have indulged the assumption that the factual situation presented would warrant prosecution for the crime of incest. The defendant so argued, and his argument is predicated on the proposition that the adoption laws of Colorado create a relationship of parent and child for *all* purposes. C.R.S. '53, 4-1-11, which was in effect when McGee was charged, is cited as authority for this position. It then follows, according to the defendant, that the law prohibiting incest between parent and child applies as well to the adoptive as to the natural relationship. We do not, however, need to determine that issue in this case, since McGee was

properly found guilty of rape under C.R.S. '53, 40-2-25. The judgment is affirmed.

MR. JUSTICE MCWILLIAMS and MR. JUSTICE SCHAUER concur.