**Archel DAVIDSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 15, 1968.

As Modified on Denial of Rehearing
Feb. 7, 1969.

Francis Dale Burke, Burke & Justice, Pikeville, for appellant.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Chief Justice.

Archel Davidson, Bryce Sanders, and James Harold Myhand were charged in two indictments with violations of the false pretenses statute, KRS 434.050. Each was convicted and received a sentence of one year on each charge. Only Davidson has appealed from the judgment which ordered his two sentences to run concurrently.

The indictments charged that the three accused obtained property by the fraudulent use of an oil company credit card. Two credit cards issued by Texaco, Incorporated, to P. K. DeVuono and Jack Cales, respectively, were used.

Julius Tackett, an employee at the Bowling Texaco Service Station, Virgie, testified that Davidson called about ten o'clock in the morning, identified himself, and said that he was sending three boys to pick up a load of tires and was sending credit cards with them. Later, Myhand and Sanders and a third, unidentified, person appeared and presented cards which seemed to be authentic. Tackett verified the validity of the cards with the local Texaco office. He sold them a quantity of tires, some antifreeze, and a battery. The merchandise was listed on three Texaco invoices on which the credit card information was impressed. Two of the invoices bore the purported signature of Jack Cales.

The third invoice bore the purported signature of P. K. DeVuono. Cales and DeVuono were nonresidents of Kentucky. They denied signing the invoices. Shortly after Sanders, Myhand, and their companion had departed, Davidson called Tackett and inquired if he had let them have the tires.

Charles Bowling testified that upon being notified about the transaction, he found Davidson, who took him to a house where he recovered his property from three men who were unknown to him.

Appellant urges that the indictments and proof fail to show that the defrauded party relied upon any false representation of appellant. It is insisted that the property was parted with by the reliance of Tackett on the verification of the validity of the credit cards. While Tackett may not have said so specifically, it is implicit in his testimony that he did in fact part with the merchandise on the false representation that the purchasers had authority to use the credit cards issued in the names of Cales and DeVuono. This is grounded in part on the call made by Davidson beforehand that he was sending some boys over with credit cards to buy tires and corroborated by his later call to see if the purchase had been consummated. The proof makes this clear.

It is unnecessary that such reliance be specifically charged or proven if such reliance is made clear from the language of the indictment and from the testimony. Smith v. Commonwealth, 141 Ky. 534, 133 S.W. 228. The indictments and testimony here are sufficiently plain to advise the appellant of the charge against him and to show the necessary reliance on the false pretense of the ownership or authorization to use the cards.

This, in effect, answers the second contention made that this is a case of false personation. Appellant argues that the offense of false personation is not covered by KRS 434.050, citing Rowland v. Commonwealth, Ky., 355 S.W.2d 292. False

personation and false pretenses are discussed in Rowland, but the judgment was reversed because there was a failure to show the essential elements of defrauding and reliance.

■ Appellant contends that the offense committed is not properly a violation of KRS 434.050, the false pretenses statute, but more like a violation of KRS 434.060, the false personation statute. In Taylor v. Commonwealth, Ky., 384 S.W.2d 333, it was held: "If the same act may constitute either of two offenses, or if a single act is common to two offenses, the grand jury may elect to indict on either." Here, the grand jury elected to indict under KRS 434.050. There is no merit in the contention made.

■ The court instructed the jury under KRS 434.050. Appellant urges that the offense charged and proven was one under KRS 434.510, a misdemeanor. KRS 434.510 was enacted by the 1960 General Assembly and specifically deals with certain misuses of credit devices, including credit cards. He insists that an instruction should have been given under KRS 434.510 as a lesser included offense under KRS 434.050. The latter statute is a broad statute dealing with false pretenses generally. KRS 434.510 covers certain specific misuses of credit devices. For the reasons already stated, KRS 434.050 does apply to false pretenses involving the use of credit cards.

KRS 434.510 was enacted to cover situation probably not covered by KRS 434.050. Again, as in Taylor, it was the prerogative of the grand jury to choose the statute under which the prosecution should be made. Had the grand jury elected to proceed under a statute with lower punishments, no one could be heard to complain. The same is true if the grand jury proceeds under the statute with the more severe punishments, so long as the criminal act falls within the purview of the statute.

■ Appellant attacked the use of the depositions of Cales and DeVuono, both nonresidents, as a violation of his right to confrontation under the Federal Sixth Amendment. The depositions were taken by order of the trial court pursuant to RCr 7.10, with full participation by counsel for appellant who cross-examined each witness. Both prosecution witnesses had previously appeared in court. The depositions were taken to preserve the material testimony of nonresident witnesses who might not be able to attend or who might be prevented from attending the trial.

The same contention based on Mattox v. United States, 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409, was made in Noe v. Commonwealth, Ky., 396 S.W.2d 808. In Noe, the right of the Commonwealth to take depositions in a similar situation was upheld and was fully discussed. The taking and the use of the depositions were proper.

Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255, relied on by appellant, is distinguishable as follows:

The transcript used in Barber was from a preliminary or probable cause hearing only, whereas the depositions used in this case were taken expressly for use at trial with full exercise of the right of cross-examination. There was no attempt in Barber to obtain the actual presence of the witness at trial. He was available because obtaining his presence was simply a matter of arrangement. He was incarcerated in the custody of Federal prison authorities. Here, the presence of the witnesses was twice obtained. Their presence was ordered for the instant trial, their expenses were provided for, but they did not appear. The testimony involved in the Barber case was that of an accomplice who directly implicated the petitioner in the crime. In this case, the testimony of the witnesses was to the effect that they did not authorize use of their credit cards, a matter which was undisputed.

Judgment affirmed.

All concur.