## No. 24809

**The People of the State of Colorado v.
Patricia Ann James**

(497 P.2d 1256)

Decided June 5, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Richard G. McManus, Jr., Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The appellant in this action, Patricia Ann James, was convicted of two counts of forgery. From that judgment she brings her appeal here. She will hereinafter be referred to as appellant.

On November 29, 1969, a billfold containing a Master Charge credit card was stolen from Patricia Stewart while she was at a tavern in Colorado Springs. Two days later, on December 1, 1969, appellant purchased two wigs from a

beauty shop with Patricia Stewart's Master Charge card. An employee of the beauty shop testified that a separate charge slip was made out for each of the wigs, which sold for $50 apiece, and each of these charge slips was signed by appellant, using Patricia Stewart's name.

Appellant was arrested and charged by Information with two counts of forgery in violation of C.R.S. 1963, 40-6-1. This statute states in pertinent part that:

"Every person who shall falsely make, alter, forge, or counterfeit any record or other authentic matter. . .; or shall counterfeit or forge the. . . handwriting of another, with intent to damage or defraud any person, body politic or corporate. . .; or shall utter, publish, or pass, as true or genuine. . . any of the above named false, altered, forged or counterfeited matters. . . shall be deemed guilty of felony. . . ."

Appellant was tried before a jury and at the close of the People's evidence moved for a dismissal on the grounds that she could only be charged under C.R.S. 1963, 40-14-21, which specifically deals with the crime of fraudulent misuse of credit cards. This statute, which was enacted subsequent to the aforementioned general forgery statute, makes it a misdemeanor whenever any person

". . .knowingly. . . purchases any goods, property or service. . . by the use of any credit card, telephone number, credit number, or other credit device of another without the authority of the person to whom such card, number, or device was issued. . . ."

Appellant claimed that this credit card statute evidenced a legislative intent "to withdraw from the forgery statute the crime of forging a credit card and put the charge specifically in the new crime which is set forth in our [credit card] statute." This motion was denied by the trial court.

After both sides had rested, the jury found appellant guilty of both counts of forgery. She thereafter brought this appeal here. She asserts, as she did in her motion to dismiss in the trial court, that the existence of the more specific Colorado statute dealing with the misuse of credit card devices, C.R.S.

1963, 40-14-21, precludes prosecution under the more general forgery statute, C.R.S. 1963, 40-6-1. We find no merit in this contention and affirm.

 Although the issue presented by this appeal is a matter of first impression in Colorado, there are nevertheless several guides, in this jurisdiction and elsewhere, to aid us in the resolution of the issue presented here. It is a familiar rule of statutory construction in this state that repeals by implication are not favored. *Ferch v. People,* 101 Colo. 471, 74 P.2d 712, and that only where there is a manifest inconsistency between a later and an earlier statute will a repeal by implication be held to have occurred. *People v. Downen,* 106 Colo. 557, 108 P.2d 224. If two acts of the legislature may be construed so that an inconsistency will be avoided, it is our duty to so construe them.

 There is also a now well-established principle in Colorado that a single transaction may give rise to the violation of more than one statute. *People v. McKenzie,* 169 Colo. 521, 458 P.2d 232; *Godfrey, Jr. v. People,* 168 Colo. 299, 451 P.2d 291, *McGee v. People,* 160 Colo. 46, 413 P.2d 901; *Frink v. People,* 103 Colo. 172, 83 P.2d 774. In such a situation it is a proper function of the prosecutor to determine under which of the statutes he wishes to prosecute. *McGee v. People, supra; Frink v. People, supra.* This was the rationale used by the Indiana Supreme Court in determining that it was not improper to prosecute under the general forgery statute rather than the specific credit card statute, where the facts supported a conviction under either. *Kindred v. State,* 254 Ind. 127, 258 N.E.2d 411.

 It is also equally well-settled here that enactment of a specific criminal statute does not preclude prosecution under a general criminal statute unless a legislative intent to limit prosecution to the special statute is shown. *Hucal v. People,* 176 Colo. 529, 493 P.2d 23, *Frink v. People, supra.*

 In Colorado, the credit card and forgery statutes have as their subject matter two different kinds of criminal transactions. C.R.S. 1963, 40-14-21, the credit card statute, makes it a crime to knowingly use another's credit card to

obtain goods, services or property. The question of whether a forgery has been committed is not material to the proof. Our credit card statute would be violated if a person used a credit card to unlawfully obtain goods by signing his own name to a credit sales slip with knowledge that he had no authority to do so, or, if a credit card transaction occurred where the person presenting a card was not required to sign anything. Neither of these two situations, however, would be a violation of this state's forgery statute. Reasonable distinctions can be drawn between the two crimes which are the subject matter of the credit card and forgery statutes, and we therefore hold that the existence of the specific statute regarding the misuse of credit cards does not preclude prosecution or conviction of appellant under the state's general forgery statute. *State v. Dumont,* 3 Or. App. 189, 471 P.2d 847; *McDuffy v. State,* 6 Md. App. 537, 252 A.2d 270.

We are fortified in our conclusion by the knowledge that by far the majority of state courts faced with this issue have resolved it as we do. *People v. Shaw,* 27 Mich. App. 325, 183 N.W.2d 390; *McCrory v. State,* 210 So.2d 877 (Miss.); *Varnnerson v. State,* 403 S.W.2d 791 (Tex.); *Shriver v. Graham,* 366 P.2d 774 (Okla.); *Davidson v. Commonwealth,* 436 S.W.2d 495 (Ky.); *Clonts v. State,* 42 Ala. App. 287, 161 So.2d 155; *State v. Dumont* (Or.), *supra; McDuffy v. State* (Md.), *supra.*

The judgment is affirmed.