Opinion by
MR. JUSTICE LEE.
The district attorney on behalf of the People appeals from an order of the district court of Arapahoe County dismissing an information charging Oliver Trigg with theft in violation of 1967 Perm. Supp., C.R.S. 1963, 40-5-2. We reverse.
A preliminary hearing was held and the court found that probable cause existed to believe that the defendant had committed the crime charged. The subject of the theft was a rental trailer, rented for one day pursuant to a written agreement which required return of the trailer to the owner at the end of the day. The trailer was never returned.
Trigg moved to dismiss the information on the ground that he should have been charged under a misdemean- *80 or statute, 1965 Perm. Supp., C.R.S. 1963, 40-14-25, Theft of use of personal property, which was more appropriate to the facts developed at the preliminary hearing; and that, inasmuch as the latter statute was more specific than the general Theft statute, the district attorney was precluded from prosecuting him under the general Theft statute.
The court granted the motion to dismiss, without making findings or stating its reasons. It is apparent, however, from the grounds urged by Trigg that the court was convinced the specific criminal statute controlled the general criminal statute and precluded prosecution under the general.
This precise issue has been determined by this Court to the contrary in the following cases: People v. Ortega, 181 Colo. 223, 508 P.2d 784; People v. Couch, 179 Colo. 324, 500 P.2d 967; People v. James, 178 Colo. 401, 497 P.2d 1256; Hucal v. People, 176 Colo. 529, 493 P.2d 23.
The rationale of the rule is fully set forth in the foregoing decisions and requires no further discourse here. Suffice it to say that where reasonable distinctions can be drawn between the specific statute and the general statute, it is a matter of prosecutorial discretion for the district attorney to choose under which statute he will prosecute. The Theft of use of personal property statute clearly applies to an unlawful temporary deprivation of rental property as distinguished from a permanent deprivation of property generally, as required by the Theft statute.
The judgment is reversed and the cause remanded to the trial court with directions to vacate the judgment of dismissal and reinstate the information.
MR. JUSTICE HODGES, MR. JUSTICE KELLEY and MR. JUSTICE GROVES concur.