578 P.2d 671 (1978)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Richard DONAHUE, Defendant-Appellant.
No. 77-157.
Colorado Court of Appeals, Division III.
April 20, 1978.
J. D. MacFarlane, Colorado State Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Mary J. Mullarkey, First Asst. Atty. Gen., Denver, for plaintiff-appellee.
Gresham, Stifler, Murphy & Gentry, Thomas D. Gresham, Elvin L. Gentry, Colorado Springs, for defendant-appellant.
*672 KELLY, Judge.
Dr. Richard Donahue was convicted of felony theft for obtaining medicaid funds from the Colorado Department of Social Services after billing for psychological services he was not authorized to provide and did not provide to emotionally disturbed residents of a boys ranch. He appeals, contending, among other things, that the felony theft charges should have been dismissed and that venue in El Paso County was not proper. We affirm.
Donahue first contends that he should have been charged with violating the Colorado Medical Assistance Act, § 26-4-114, C.R.S.1973, and that the felony theft indictment under § 18-4-401, C.R.S.1973, should have been dismissed. He argues such a result is required by the legislative history of the theft statute and the Medical Assistance Act; that § 2-4-205, C.R.S.1973, demonstrates that the legislature intended the later, more specific, Medical Assistance Act to prevail as an exception to the theft statute, and that allowing a prosecution under the theft statute, in the circumstances of this case, would make the General Assembly's enactment of the penal provisions of the Medical Assistance Act superfluous. We disagree.
Donahue's arguments have been rejected by the Colorado Supreme Court on far too many occasions to require extended discussion. It is a well-established principle in Colorado that a single transaction may violate more than one statute and that in such a case the prosecutor has the discretion to determine under which of the statutes to prosecute. People v. Czajkowski, Colo., 568 P.2d 23 (1977); People v. Fowler, 183 Colo. 300, 516 P.2d 428 (1973); People v. Ortega, 181 Colo. 223, 508 P.2d 784 (1973); People v. James, 178 Colo. 401, 497 P.2d 1256 (1972).
Contrary to Donahue's assertion, there are reasonable distinctions which can be drawn between the general theft statute and the penal provisions of the Medical Assistance Act. The Medical Assistance Act deals only with property unlawfully received in a special way from a specific source, as distinguished from the deprivation of property generally, as proscribed by the theft statute. See People v. Czajkowski, supra; People v. Trigg, 184 Colo. 78, 518 P.2d 841 (1974).
Additionally, unless the legislature has shown its intent to be otherwise, a specific statute does not preclude prosecution under a general criminal statute. People v. James, supra; Hucal v. People, 176 Colo. 529, 493 P.2d 23 (1971). Here, the legislature did not specify that prosecution under the Criminal Code could not be commenced for violation of the Medical Assistance Act. Accordingly, the trial court did not err in refusing to dismiss the felony theft charge.
Donahue also contends that the trial court erred in ruling that venue was proper in El Paso County. He argues that since the checks he received from the Department of Social Services' fiscal agent were issued and paid in Denver, he should have been tried in Denver County. We do not agree.
Section 18-1-202(4), C.R.S.1973, provides that an offender may be tried for theft in any county in which he has exercised control of the property. See People v. Martinez, 37 Colo.App. ___, 543 P.2d 1290 (1975). Here, the record reflects that the medicaid vouchers were signed in El Paso County and that the checks received by Donahue were cashed in El Paso County. Thus, Donahue exercised control in El Paso County over the money he unlawfully received, and venue there was proper.
We have considered Donahue's other allegations of error and find them to be without merit.
The judgment is affirmed.
VanCISE and STERNBERG, JJ., concur.