The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Jon P. WESTRUM, Defendant-Appellee.

No. 79SA434.

Supreme Court of Colorado, En Banc.

Feb. 9, 1981.

Rehearing Denied March 16, 1981.

Robert L. Russel, Dist. Atty., Gary E. Lawyer, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

J. Gregory Walta, Colorado State Public Defender, Harvey M. Palefsky, Deputy State Public Defender, Denver, for defendant-appellee.

HODGES, Chief Justice.

This is an appeal by the People from a judgment of the trial court dismissing an information charging the defendant, Jon P. Westrum, with felony theft. We reverse.

The defendant was charged with a class 4 felony, theft of a motorcycle in violation of section 18–4–401, C.R.S.1973 (now in 1978 Repl.Vol. 8). He moved to dismiss the information on the ground that he should have been charged with aggravated motor vehicle theft under section 18–4–409, C.R.S. 1973 (now in 1978 Repl.Vol. 8). The defendant argued in the trial court that since section 18–4–409 applies specifically to theft of a motor vehicle, the district attorney was precluded from prosecuting under the general theft statute, section 18–4–401. The trial court agreed with this argument, and accordingly, granted the defendant's motion to dismiss.

■ It is well established in this state that a single transaction may give rise to the violation of more than one criminal statute. *People v. James*, 178 Colo. 401, 497 P.2d 1256 (1972), and cases cited therein. It is equally well-settled that enactment of a specific criminal statute does not preclude prosecution under a general criminal statute, unless there is statutory language clearly indicating that the legislative intent was to limit prosecution to the special statute. *People v. James, supra; Hucal v. People*, 176 Colo. 529, 493 P.2d 23 (1971); *see also* section 18–1–408(7), C.R.S.1973 (now in 1978 Repl.Vol. 8). There is no such legislative intent revealed in the statute involved here. Therefore, where the alleged conduct of a defendant violates both the general theft statute, and the more specific motor vehicle theft statute, it is the function of the prosecuting attorney and not the trial court to determine under which statute the alleged crime shall be prosecuted. *People v. Trigg*, 184 Colo. 78, 518 P.2d 841 (1974); *People v. James, supra; McGee v. People*, 160 Colo. 46, 413 P.2d 901 (1966).

■ Where two or more statutes provide different punishments for exactly the same criminal conduct, equal protection is violated. *People v. Hulse*, 192 Colo. 302, 557 P.2d 1205 (1976); *People v. McKenzie*, 169 Colo. 521, 458 P.2d 232 (1969); *Trueblood v. Tinsley*, 148 Colo. 503, 366 P.2d 655 (1961). However, it is only where the same criminal conduct is proscribed in both statutes that equal protection problems arise. If reasonable distinctions can be drawn between the statutes, equal protection is not offended.

*People v. Hulse, supra; People v. James, supra.*

In this case, there is a crucial difference between the general theft statute, section 18–4–401(1), and the specific motor vehicle theft statute, section 18–4–409(2). In the former, the People must prove that the defendant knowingly obtained or exercised control over a thing of value of another without authority or by threat or deception and:

"(a) Intends to deprive the other person permanently of the use or benefit of the thing of value; or

(b) Knowingly uses, conceals, or abandons the thing of value in such a manner as to deprive the other person permanently of its use or benefit; or

(c) Uses, conceals, or abandons the thing of value intending that such use, concealment, or abandonment will deprive the other person permanently of its use or benefit; or

(d) Demands any consideration to which he is not legally entitled as a condition of restoring the thing of value to the other person."

██ Under the motor vehicle theft statute, proof of entirely different elements is required. It provides that a person commits motor vehicle theft if he knowingly obtains or exercises control over a motor vehicle of another without authority or by threat or deception and:

"(a) Retains possession or control of the motor vehicle for more than seventy-two hours; or

(b) Attempts to alter or disguise or alters or disguises the appearance of the motor vehicle; or

(c) Attempts to alter or remove or alters or removes the vehicle identification number; or

(d) Uses the motor vehicle in the commission of a crime other than a traffic offense; or

(e) Causes five hundred dollars or more property damage in the exercise of control of the motor vehicle."

Motor vehicle theft is a misdemeanor if none of the five enumerated aggravating elements is proven. Section 18–4–409(4), C.R.S.1973 (now in 1978 Repl.Vol. 8). The elements of the two crimes are clearly different, and therefore equal protection is not a factor.

The district court erred in dismissing the information in this case. We therefore reverse the judgment of the trial court and remand the cause for further proceedings.

ERICKSON, J., does not participate.