The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Cynthia WELLINGTON,
Defendant-Appellee.

No. 81SA135.

Supreme Court of Colorado,
En Banc.

Sept. 14, 1981.

R. Dale Tooley, Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., O. Otto Moore, Asst. Dist. Atty., Denver, for plaintiff-appellant.

No appearance for defendant-appellee.

HODGES, Chief Justice.

This is an appeal by the district attorney from a judgment granting defendant's motion to dismiss a complaint charging the defendant with obtaining a narcotic drug by means of fraud and deceit, a felony. The trial court dismissed the complaint on the ground that section 12–22–319, C.R.S. 1973 is unconstitutional. We reverse the judgment and order that the charge be reinstated.

The trial court erred in holding that section 12–22–319, C.R.S. 1973 (1978 Repl. Vol. 5) (narcotic statute), and section 12–22–126, C.R.S. 1973 (1978 Repl. Vol. 5) (1980 Supp.) (drug statute), prohibit identical offenses while providing different penalties and therefore, the defendant was denied equal protection and due process of the law. The narcotic statute provides:

"No person shall obtain a narcotic drug or procure the administration of a narcotic drug, by fraud, deceit, misrepresentation, or subterfuge; or by the forgery or alteration of a prescription or of any written order; or by the concealment of a material fact; or by the use of a false name or the giving of a false address." Section 12–22–319, C.R.S. 1973.

The drug statute states that:

"(1) It is unlawful. . .(b) to obtain or dispense or to procure the administration of a drug by fraud, deceit, misrepresentation, or subterfuge, or by the forgery or alteration of a prescription order or order, or by the use of a false name or giving a false address." Section 12–22–126, C.R.S. (amended 1979).

This court has consistently held that an equal protection and due process question

arises only where different statutes provide different penalties for the same conduct. *People v. Burns*, 197 Colo. 284, 593 P.2d 351 (1979); *People v. Czajkowski*, 193 Colo. 352, 568 P.2d 23 (1977); and *People v. Hulse*, 192 Colo. 302, 557 P.2d 1205 (1976). Here, the statutes do not proscribe the same conduct. The defendant was charged with a violation of section 319, which requires that a *narcotic drug* [*see* section 12–22–301(16), C.R.S. 1973 (1978 Repl. Vol. 5) for definition of narcotic drug] be procured by the means prohibited by that statute. In contrast, section 126 does not require that the drug [*see* section 12–22–102(11), C.R.S. 1973 (1978 Repl. Vol. 5) (1980 Supp.) for definition of drug] procured by illegal means be a narcotic drug.

The general assembly has the power to create and define crimes, subject only to the limitations of the constitution. These limitations were clearly and succinctly stated in *People v. Czajkowski, supra*, in which we addressed a similar challenge with respect to the "theft of auto parts" statute. We set forth therein that:

> "Simply because an act may violate more than one statutory provision does not invalidate the legislation in question, so long as the legislative classification is not arbitrary or unreasonable, and the differences in the provisions bear a reasonable relationship to the persons included and the public policy to be achieved."

The general assembly has determined that obtaining a "narcotic drug," as defined by section 12–22–301(16), C.R.S. 1973 (1978 Repl. Vol. 5) (a felony) has more adverse social consequences than obtaining a "drug," as defined by section 12–22–102(11), C.R.S. 1973 (1978 Repl. Vol. 5) (1980 Supp.) (a misdemeanor). The defendant has not established that these classifications are arbitrary or unreasonable or that they fail to bear a reasonable relationship to the public policy to be achieved.

■ Where a single transaction may violate two criminal statutes, it is well settled that no constitutional proscription exists which prohibits a district attorney from exercising his prosecutorial discretion in determining under which statute to prosecute. *People v. Hulse, supra; People v. Fowler*, 183 Colo. 300, 516 P.2d 428 (1973); *People v. James*, 178 Colo. 401, 497 P.2d 1256 (1972).

■ There is no merit in the trial court's ruling that section 12–22–319, C.R.S. 1973 violates the constitutional guarantees of equal protection or due process.

The judgment of the trial court is reversed and it is ordered that the charge be reinstated.