The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

**Juan Caloca CAPONEY, Defendant-Appellee.**

No. 81SA219.

Supreme Court of Colorado, En Banc.

July 6, 1982.

John F. Healy, Dist. Atty., Breckenridge, J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Nathan B. Coats, William Morris, Asst. Attys. Gen., Denver, for plaintiff-appellant.

Itkin, Thorson & Burns, P. C., Gerald Itkin, David M. Thorson, Breckenridge, for defendant-appellee.

HODGES, Chief Justice.

The district attorney appeals the trial court's ruling that section 12–22–319(5), C.R.S.1973 (1978 Repl.Vol. 5), is unconstitutional as providing a different penalty for identical conduct also proscribed in section 12–22–126(1)(e), C.R.S.1973 (1978 Repl.Vol. 5) (1981 Supp.). The premise for the trial court's ruling was found to have no merit in *People v. Wellington*, Colo., 633 P.2d 1390

(1981). Accordingly, we reverse the judgment of the trial court.

In *Wellington*, we held that these two statutes do not proscribe the same conduct. Section 319 applies where narcotic drugs are involved, while section 126 applies to prescription drugs generally and does not require that the drug involved be a narcotic. As in *Wellington*, the defendant here has also failed to establish that these classifications are arbitrary or unreasonable.

Additionally, the defendant argues that the statutes operate unconstitutionally by classifying "substantially similar" drugs in different categories. Quaalude (Methaqualone) is classified as a dangerous drug, section 12–22–403(4) and (5), C.R.S.1973 (1978 Repl.Vol. 5), subjecting the defendant to a misdemeanor conviction under these facts. *See* sections 12–22–126(1)(e) and 12–22–127, C.R.S.1973 (1978 Repl.Vol. 5). On the other hand, percodan (oxycodone), an opiate derivative,[1] is a narcotic subjecting the defendant to a felony conviction. *See* sections 12–22–319(5) and 12–22–322(2), C.R.S.1973 (1978 Repl.Vol. 5). Nevertheless, defendant claims that these drugs are substantially similar because both are included in Schedule II of the federal Controlled Substances Act, 21 U.S.C. §§ 811–812.[2] Accordingly, he contends that legislating different penalties for "substantially similar" drugs violates the equal protection guarantee.[3]

Because a statute is presumed constitutional, the challenger has the burden of showing its unconstitutionality beyond a reasonable doubt. *Colorado Chiropractic Association v. Colorado*, 171 Colo. 395, 467 P.2d 795 (1970). Additionally, where the equal protection guarantee is invoked, a statute will be found constitutional where there is a rational basis supporting it. *People v. Summit*, 183 Colo. 421, 517 P.2d 850 (1974). We have previously determined that the legislative distinction drawn between narcotics and other drugs, where a greater penalty is imposed in offenses involving the former, is constitutional. *People v. Summit, supra.* We noted that the distinction is rationally based on the narcotic drug's invidious ability to induce a more pervasive physical dependency. The defendant presented no evidence in support of his argument that these drugs are "substantially similar" because they are both listed in Schedule II of the federal Controlled Substances Act. This argument does not persuade us that this distinction is not rationally based. While both drugs may lead to severe psychological or physical dependency as subsection (C) of 21 U.S.C. § 812(b)(2) would indicate, the legislature may, nonetheless, determine that the dependence on a narcotic drug is far more severe, thus meriting this distinction. Not having established that the statutory classifications are arbitrary or unreasonable, or that they have no reasonable relationship to the public policy to be achieved, the defendant's constitutional challenge must fail. *People v. Wellington, supra.*

The judgment of the trial court is reversed and this cause is remanded for reinstatement of the charges.

---

1. *Physicians' Desk Reference*, 876 (34th ed. 1980).

2. Placement of a drug within the Schedule II classification represents findings that:
   "(A) The drug or other substance has a high potential for abuse.
   (B) The drug or other substance has a currently accepted medical use in treatment in the United States or a currently accepted medical use with severe restrictions.
   (C) Abuse of the drug or other substances may lead to severe psychological or physical dependence." 21 U.S.C. § 812(b)(2).

3. We recognize that subsequent to the events here, the Colorado General Assembly adopted a classification system for controlled substances similar to the federal Controlled Substances Act. Section 12–22–309 thru 12–22–313, C.R.S.1973 (1978 Repl.Vol. 5) (1981 Supp.). Further, that under the current Colorado law, both percodan and quaalude are Schedule II drugs. Section 12–22–310(1)(a)(I)(N) and 12–22–310(2)(b)(II), C.R.S.1973 (1978 Repl.Vol. 5) (1981 Supp.).