The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

James T. CHESNICK,
Defendant-Appellant.

No. 82CA0595.

Colorado Court of Appeals,
Div. I.

July 3, 1985.

Rehearing Denied Aug. 29, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Susan L. Fralick, Deputy State Public Defender, Denver, for defendant-appellant.

ENOCH, Chief Judge.

The defendant, James T. Chesnick, was charged by information with one count of felony theft by deception in violation of § 18–4–401, C.R.S. (1978 Repl. Vol. 8), based upon his alleged fraudulent receipt of unemployment compensation benefits. Defendant appeals from the judgment of conviction entered on a jury verdict. We affirm.

Defendant first contends that his conviction under the general theft statute, § 18–4–401, C.R.S. (1978 Repl. Vol. 8), was prohibited and unconstitutional because a more specific statute, § 8–81–101(1)(a), C.R.S., imposes criminal sanctions for the fraudulent receipt of unemployment compensation benefits.

The "enactment of a specific criminal statute does not preclude prosecution under a general criminal statute unless a legislative intent to limit prosecution to the special statute is shown." *People v. James*, 178 Colo. 401, 497 P.2d 1256, (1972). *See People v. Wellington*, 633 P.2d 1390 (Colo.1981); *People v. Westrum*, 624 P.2d 1302 (Colo.1981); *People v. Hanes*, 42 Colo. App. 527, 596 P.2d 395 (1978), *aff'd*, 198 Colo. 31, 598 P.2d 131 (1979). No such limitation is present here. *See* § 8–81–101, C.R.S.

Also, contrary to defendant's contention, there is no constitutional prohibi-

tion against prosecution under either statute merely because a single transaction violates two separate criminal statutes. *People v. Wellington, supra.* Equal protection is violated only if the same conduct is given disparate penalties under different statutes. *People v. Marcy,* 628 P.2d 69 (Colo.1981).

■ Here, the unemployment fraud statute, § 8–81–101(1)(a), provides criminal sanctions for *fraudulent efforts to obtain* unemployment benefits regardless of the amount involved. In contrast, the general felony theft statute provides sanctions only for conduct *which unlawfully deprived* others of property whose value exceeds $200. Thus, because the conduct prohibited by the general felony theft statute, § 18–4–401, C.R.S. (1978 Repl. Vol. 8), is distinct from the conduct prohibited by the unemployment fraud statute, § 8–81–101(1)(a), C.R.S., the defendant's constitutional rights were not violated. *See People v. Czajkowski,* 193 Colo. 352, 568 P.2d 23 (1977). *See also Lewis v. United States,* 389 A.2d 306 (D.C.App.1978). This contention was not presented to the trial court but could have been, by requesting that an instruction be given to the jury on the lesser non-included offense. *People v. Rivera,* 186 Colo. 24, 525 P.2d 431 (1974).

■ The defendant also contends that the evidence presented with respect to the element of intent is not sufficient to sustain his conviction. We disagree.

On appeal, the evidence must be viewed in the light most favorable to the prosecution and every inference fairly deducible therefrom drawn in favor of the judgment of conviction. *People v. Downer,* 192 Colo. 264, 557 P.2d 835 (1976). Here, there is competent evidence in the record to establish each and every element of the offense beyond a reasonable doubt.

Accordingly, the judgment is affirmed.

SMITH and METZGER, JJ., concur.