[No. 8675.]

## BROWN V. THE PEOPLE.

1. CRIMINAL LAW—*Larceny of Chattels by Mortgagor—Evidence.*  In a prosecution against a mortgagor of chattels under Rev. Stat. sec. 524, it is not sufficient to show merely that the chattels could not be found in the locality to which, as the mortgagee was informed, they were to be taken. Upon such showing, without more, the court should direct an acquittal. (28).

And the mortgagee is not held to be convicted upon evidence merely that another, in whose possession he had placed the chattels, had sold them.  He is not to be punished for the acts of another.

2. —— *Practice.*  Where, after the erroneous denial of a motion to direct an acquittal, the accused produces evidence, the error of the court in denying the motion is no longer in question; the judgment is to be reviewed upon the whole case. (30).

*Error to Rio Grande District Court.*  Hon. A. WATSON MC-HENDRIE, Judge.

Mr. JAMES P. VEERKAMP, for plaintiff in error.

Hon. FRED FARRAR, Attorney General, Mr. CLEMENT F. CROWLEY, Assistant Attorney General, for The People.

Mr. Justice GARRIGUES delivered the opinion of the court.

The jury returned a verdict finding defendant Brown guilty of grand larceny.  It is charged in the information that December 12, 1912, Brown gave a chattel mortgage to one James Davies upon a flock of goats in Rio Grande County of the value of $182.00; that during the existence of the lien and title created by the mortgage, and without the writ-

ten consent of the mortgagee, he on November 25, 1913, unlawfully and feloniously sold, transferred, took, drove and carried away the property, contrary to the provisions of the mortgage, with intent to steal the property, and so in manner aforesaid, and by this means, did unlawfully and feloniously steal, take, drive and carry away the goats described in the mortgage, of the value of $182.00, the property of Davies.

The assignments of error relate to the refusal of the court to direct a verdict for the defendant at the close of The People's case and to the failure of the evidence to prove any crime, or its sufficiency to sustain the verdict. It will therefore be necessary to review the evidence. Davies testified he sold defendant the goats, in payment for which he took from him a note secured by chattel mortgage thereon, dated December 12, 1912; that the goats were delivered to defendant, who, as he was informed, took them to the vicinity of Monte Vista; that when the first interest became due in December, 1913, and was unpaid, he, with the sheriff, went to Monte Vista for the purpose of taking possession of the goats, but was unable to locate either the defendant or the mortgaged property. The note and mortgage were then introduced in evidence, and the sheriff testified that Davies gave him the mortgage with instructions to take possession of the property; that he went to Monte Vista, where he learned that defendant had left town, but could not locate the goats. At the conclusion of this evidence, the people having rested, the defendant moved the court, "to instruct the jury to find a verdict of not guilty on account of failure of the evidence," which motion was denied.

We are of the opinion that this motion should have been granted. There was not a particle of evidence produced by the state, in presenting its case in chief, showing or tending to show that the property in question had been sold, transferred, taken, driven or carried away by any person;

consequently none connecting defendant with such a trans-
action. The state established the existence of the mortgage
lien; that the sheriff made an unsuccessful effort to find the
property in the locality where Davies had been advised it
was to be taken, and then rested. Defendant was entitled
to the legal presumption of innocence, and the jury should
not have been left to presume he was guilty from the mere
fact alone that Davies failed to locate the defendant or the
property. Neither the venue or the *corpus delicti* were es-
tablished by sufficient or satisfactory evidence and the court
at the close of the people's case in chief should have directed
the jury to return a verdict of not guilty.

Instead of standing on his motion, however, when it
was overruled, defendant came forward with his evidence.
He and his mother both testified and the people introduced
evidence in rebuttal. It is then no longer a question of
whether the court erred in refusing to grant the motion, but
whether, upon a consideration of the whole case, all the evi-
dence on the trial is sufficient to sustain the verdict of
guilty. The evidence introduced after the motion had been
overruled, developed nothing new, except that defendant
lived with his parents in Rio Grande county, where his
mother owned a number of goats, which defendant took
care of for her; that after the purchase of the goats in ques-
tion from Davies, he placed them with his mother's herd,
and looked after all of them in one bunch. The testimony
further shows that defendant went from the state on the
18th day of November, 1913, leaving the mortgaged goats
in the flock with his mother's, and that she took charge of
all of them, the evidence of the defendant on this point be-
ing:

"Q. What did you do with them (the goats)? A. I
left them in the herd there and let mother take charge of
them."

There is no evidence that defendant transferred, sold,

took, drove, carried away or otherwise disposed of any of the mortgaged property. His mother testified that Davies agreed to accept other security in lieu of the goats, and in conformity with her understanding of this agreement, she executed and mailed to him her note, secured by a trust deed on real estate in Monte Vista, which he retained, and supposing this security had been accepted by Davies, she sold all the goats, including those upon which the mortgage had been given. This arrangement was denied by The People's witnesses. Be this as it may, the defendant was upon trial for what he did, and not for the acts of his mother. The evidence fails to show that he was guilty of the larceny of the property and the conviction cannot be sustained.

*Reversed and remanded.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE SCOTT concur.