## No. 25248

### The People of the State of Colorado v. Doyle Raymond Fowler and Isabel M. Fowler
(516 P.2d 428)

Decided December 3, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Jack E. Hanthorn, Assistant, for plaintiff-appellee.

Douglass F. Primavera, for defendants-appellants.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellants were convicted in the Jefferson County district court of prostitution (C.R.S. 1963, 40-9-11) and conspiracy to commit prostitution (C.R.S. 1963, 40-7-35). The prostitution count of the information charged that Doyle Raymond Fowler and Isabel M. Fowler, being over the age of 18 years, did knowingly and feloniously live on and were supported and maintained, in whole or in part, by money realized, procured and earned by a female person through her own prostitution.

On the morning of trial, after members of the jury panel had assembled for duty, appellants determined to waive a jury trial, and did so in writing. Trial was then to the court, which found both appellants guilty on both charges.

In brief summary, the record convincingly established that

appellants provided a house at 305 Sheridan Boulevard in Jefferson County where, under the guise of operating a massage parlor, a prostitution business was carried on. The earnings from the business were shared equally by the prostitutes and the appellants. Testimony was presented from one of the prostitutes concerning the details of the operation, including daily payments to appellants of one-half of the illicit earnings. Further corroborative evidence was presented by an undercover agent who had conducted a surveillance of the premises. Appellant, Doyle Raymond Fowler, testified for the defense, admitting the maintenance of the massage business but disclaiming knowledge or participation in the prostitution business.

I.

■■ Appellants in their briefs raised several constitutional challenges to the prostitution statute, C.R.S. 1963, 40-9-11. At oral argument, however, they abandoned all contentions of unconstitutionality except the claim that there was in existence another statute, C.R.S. 1963, 49-9-15, concerning keeping a lewd house, punishable as a misdemeanor, under which they could have been charged; and that, therefore, the district attorney was granted an unlawful discretion in the choice of criminal charges that might be brought under the same set of facts. This argument was disposed of by the recent case of *People v. James,* 178 Colo. 401, 497 P.2d 1256, which reaffirmed the well-established principle that a single transaction that violates two criminal statutes may generally be prosecuted under either. In such a situation it is the proper function of the district attorney to determine under which of the statutes he wishes to prosecute. No constitutional proscription has been demonstrated which would prohibit the exercise of prosecutorial discretion in such a situation, and we conclude that appellants might properly have been charged under either statute in this case.

II.

■ Appellants next argue that the evidence was insufficient to support the convictions in that the People failed to present express evidence of the age of appellants during the

prosecution's case. Appellants' motion for judgment of acquittal on this basis was denied, the court stating that a prima facie case had been made. Appellants chose not to stand on their motion for judgment of acquittal but went forward and presented evidence of their defense. On cross-examination, Doyle Fowler testified that he was 33 and his wife, Isabel Fowler, was 30. Thus, the issue of alleged insufficiency in regard to the age of appellants was eliminated. Upon consideration of all of the evidence, both the People's and the appellants', it was clear that the evidence amply supported the court's judgment of guilt. *Tucker v. People,* 136 Colo. 581, 319 P.2d 983; *Brown v. People,* 61 Colo. 27, 155 P. 332.

### III.

▇ The final argument for reversal suggests that even though appellants executed a written waiver of their right to a jury trial, they did not do so voluntarily and knowingly. This contention flies in the face of the record, which shows the following. The jury was assembled in the courtroom ready for trial when appellants' counsel orally announced that appellants had decided to waive their right to a jury trial. Appellants' counsel, in their presence, stated to the court:

"It occurs to me at this point that the defendants would like to waive jury. I think that the age and background of the jury is such that the defendants would be better off and it would be a wise move to waive their right to a jury trial and ask it be heard by the court, assuming that the court feels that he could give a fair trial at this point."

The court inquired of each appellant if that was their desire and both indicated in the affirmative. As a further precaution, the court then insisted that a written waiver of jury trial by prepared and be signed by each appellant and their counsel. This was done. The jury was then excused and trial to the court proceeded.

Appellants have not pointed to any fact or circumstance in the record from which it could be reasonably inferred that they did not understand they were waiving their right to a jury trial or that they were in some manner coerced into

waiving the jury. As stated in *People v. Sailor,* 43 Ill. 2d 256, 253 N.E.2d 397:

"* * * An accused ordinarily speaks and acts through his attorney, who stands in the role of agent, and defendant, by permitting her attorney, in her presence and without objection, to waive her right to a jury trial is deemed to have acquiesced in, and to be bound by, his action. * * *"

In the absence of some valid basis in the record to the contrary, we will presume that appellants understandingly, voluntarily and deliberately decided to waive the jury, in furtherance of their trial strategy, with the thought in mind that under the circumstances, as they viewed the members of the jury panel, they might receive more favorable consideration from the court. We find their argument to be without merit.

The judgments are affirmed.

MR. JUSTICE ERICKSON does not participate.