The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Kenneth RICE and Ronald M. Kelsey,
Defendants-Appellants.

No. 75–005.

Colorado Court of Appeals,
Div. II.

Feb. 19, 1976.

Rehearing Denied April 8, 1976.

Certiorari Granted June 28, 1976.

J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Thomas J. Tomazin, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Roger Cisneros, Denver, for defendants-appellants.

RULAND, Judge.

Following a trial to the court, defendants, Kenneth Rice and Ronald M. Kelsey, were found guilty of menacing with a deadly weapon in violation of § 18–3–206, C.R.S.1973. Defendants appeal alleging that: The evidence, and especially the evidence relating to the use of a deadly weapon, was insufficient to warrant their conviction; they did not waive their right to a jury trial; and they were not adequately represented by trial counsel. We affirm the convictions.

■ While the evidence was in sharp conflict, we must view it in a light most favorable to the People. *People v. Mayfield,* 184 Colo. 399, 520 P.2d 748. On this basis, the record discloses that the defendants threatened the victims by pointing a pistol at them and that defendant Rice stated that the pistol was loaded and would discharge easily. The victims were thus placed in fear for their safety. Shortly thereafter the pistol was recovered by an investigating officer in defendant Kelsey's residence with a loaded clip inserted and a round of ammunition in the chamber. This evidence was sufficient to sustain the guilty verdict, and it is the function of the trial court and not the reviewing court to resolve the issue presented by conflicting evidence. *Baker v. People,* 176 Colo. 99, 489 P.2d 196.

■ As to defendants' contention regarding the use of a deadly weapon, § 18–1–901(e), C.R.S.1973, defines a "deadly weapon" as any firearm. A "firearm" is defined in subparagraph (h) as any pistol "capable or *intended to be capable* of discharging bullets . . . ." (emphasis added) While defendants testified that the pistol was inoperable, the People's evidence was sufficient to establish, prima facie, that the pistol was capable or intended to be capable of discharging bullets.

■ Defendants next contend that they did not waive their right to a jury trial by an express written instrument filed of record, or by an announcement to that effect in open court, *see* Crim.P. 23(a)(5), and thus the case must be reversed for trial to a jury. The People admit the absence of a written waiver but contend that the trial court, in effect, complied with the rule when it announced in open court that the court had been informed by counsel that there was a stipulation to have the case "tried to the Court without a jury."

On remand from this Court for an evidentiary hearing relative to the waiver issue, the evidence disclosed that: Trial counsel recommended and defendants agreed to try the case to the court; in open court prior to the trial, defense counsel acknowledged the verity of the stipulation relative to the waiver of a jury trial; both defendants were aware of their right to a jury trial; and both defendants, without voicing any objections, heard and understood the significance of the court's statement concerning the stipulation to have the case "tried to the Court without a jury." Hence, there is no basis to infer that the defendants did not understand that they were waiving their right to a jury trial or that they were in some manner coerced into waiving the jury. *See People v. Fowler,* 183 Colo. 300, 516 P.2d 428. Accordingly, we hold that there was an effective waiver of a jury trial.

■ Defendants finally contend that they were deprived of adequate and effective assistance of counsel. We disagree.

Upon remand for an evidentiary hearing relative to this issue, the record reflects that the original attorney retained by defendants was unable to try the case because of a conflict. However, with the assistance of an investigator, the original attorney had performed extensive investigation over a period of months; he had obtained copies of all of the investigatory reports held by the district attorney; and he testified that he was prepared for trial. While

the new trial attorney was retained only three days prior to the trial, all of this material was available for his use and before trial he spent approximately 20 hours in preparation therefor. Furthermore, the two attorneys conferred together concerning trial strategy. Conversely, defendants have failed to demonstrate any flagrant shortcomings in the trial of this case from which it could be reasonably concluded that they did not receive reasonably effective assistance of counsel. *See People v. McCormick,* 181 Colo. 162, 508 P.2d 1270; *People v. Gonzales,* Colo.App., 543 P.2d 72.

Judgment affirmed.

ENOCH and STERNBERG, JJ., concur.