## No. C-958

### Kenneth Rice and Ronald M. Kelsey v.
### The People of the State of Colorado

(565 P.2d 940)

Decided June 6, 1977.

Roger Cisneros, for petitioners.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Thomas J. Tomazin, Assistant, for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The defendants were convicted in a trial to the court of menacing with a deadly weapon in violation of section 18-3-206, C.R.S. 1973. The court of appeals affirmed the convictions, 37 Colo. App. 346, 551 P.2d 1081 (1976), holding *inter alia* that there had been an effective waiver of the right to a jury trial. We granted certiorari and we now reverse the court of appeals.

Crim.P. 23(a)(5) provides:

"Except as to class 1 felonies, the person accused of a felony or misdemeanor may waive a trial by jury by express written instrument filed of record, *or by his announcement in open court* appearing of record if the prosecuting attorney consents. Trial shall then be by the court." (emphasis added)[1]

There was no written instrument executed in the instant case. Under Crim.P. 23(a)(5), therefore, to effectively waive their right to a jury trial, the defendants had to have announced that intention in open court. Yet, the record fails to reflect any in court statement made by the defendants themselves requesting or consenting to the waiver. Instead, only the following exchange appears:

"The Court: The Court is informed that at a prior hearing in this matter, there was a stipulation entered into that this cause be tried to the Court without a jury. Am I correct in that information?

"District Attorney: Yes, your Honor.

"Defendants' Counsel: That is correct.

"The Court: Such being the case, we will proceed to the trial of this matter." (f. 119)

Rules prescribing the manner in which the right to trial by jury may be waived are to be strictly interpreted in order to preserve this fundamental right. *People v. Brown*, 37 App. Div.2d 980, 327 N.Y.S.2d 820 (1971); *People v. Holmes*, 54 Cal.2d 442, 353 P.2d 583, 5 Cal. Rptr. 871 (1960). We hold, therefore, that the plain meaning of Crim.P. 23 (a)(5) requires that a defendant personally waive his right to a jury trial and that a statement by his counsel does not operate as a waiver. There are sound reasons for the requirement that the waiver of jury trial be expressed *personally* by the defendant.

If a waiver could be implied from a defendant's failure to object to his counsel's statement, there would be an increased danger of misinterpretation with respect to a right considered one of the most important in our democracy. *U.S. Const.*, amend. VI; *Colo. Const.*, art. II, §23. The people of Colorado through their elected representatives have expressed the view that "the right of a person who is accused of an offense to have a trial by jury is inviolate. . ." Section 16-10-101, C.R.S. 1973. That such an

---

[1]See also section 18-1-406(2), C.R.S. 1973.

"inviolate" right has been voluntarily relinquished must be a matter of certainty and not implication.[2]

Moreover, a requirement that the defendant personally waive the right to a trial by jury alleviates the difficult task presented to an appellate court that is seeking to determine the meaning of the defendant's silence. The case at bar is illustrative. Here, the court of appeals was forced to remand the case to the district court for a determination of the validity of the waiver. That expensive and time consuming process is rarely necessary where the record reflects a personal expression of the defendant's desire to waive trial by jury. *People v. Holmes, supra*, Commentary, *ABA Standards Relating to Trial by Jury* §1.2(b).

■ The respondents cite *People v. Fowler*, 183 Colo. 300, 516 P.2d 428 (1973) as authority for their view that a defendant's counsel may waive the right to a jury trial on behalf of his client. We disagree. While it is true that in *Fowler* the defendant's counsel suggested that a jury be waived, it is also true that the court questioned each defendant to determine if he concurred in that decision. As a further precaution, written waivers were prepared and signed by the defendants themselves. This Court correctly pointed out that the fact that the defendants had chosen to accept the advice of counsel was, without more, insufficient to show "coercion" or an invalid waiver. However, *Fowler* did not hold that a waiver by counsel was binding on a defendant under Crim.P. 23(a)(5).

In view of our disposition, it is unnecessary to consider the defendants' other allegations of error.

Judgment reversed and cause remanded for a new trial.

---

[2]Several other states have recognized the need to fully protect this right and have, by constitutional provision, statute, or case law, required that the defendant personally waive the right to jury trial. *E.g., California Const.*, art. I, §16; *New York Const.*, art. I, §2; *Oregon Const.*, art. I, §11; Mich. Stat. Ann. §28.856 (1972); *State v. Irving*, 216 Kan. 588, 533 P.2d 1225 (1975). In addition *The ABA Standards Relating to Trial by Jury* §1.2(b) requires that either a signed written waiver be executed or the defendant "personally" waive his right to a jury trial on the record in open court.