**The PEOPLE of the State of Colorado ex rel. Alexander M. HUNTER, District Attorney, Twentieth Judicial District, State of Colorado, Petitioner,**

v.

**The DISTRICT COURT In and For the TWENTIETH JUDICIAL DISTRICT, State of Colorado, and the Honorable Rex H. Scott, Chief Judge of the District Court In and For the Twentieth Judicial District, State of Colorado, Respondent.**

No. 81SA211.

Supreme Court of Colorado, En Banc.

Sept. 14, 1981.

Alexander M. Hunter, Dist. Atty., Dennis B. Wanebo, Chief Deputy Dist. Atty., John E. Maas, Jr., Deputy Dist. Atty., Boulder, for petitioner.

I. Melvin Tatsumi, Boulder, for respondent.

LEE, Justice.

In this original proceeding under C.A.R. 21, we issued a rule to show cause why relief in the nature of mandamus requested by the district attorney should not be granted. We now make the rule absolute.

Larry J. Dirgo was charged by information in the District Court of Boulder County with the offense of criminal mischief in violation of section 18–4–501, C.R.S. 1973 (1978 Repl. Vol. 8). The offense charged was a class 4 felony since the aggregate damage to the personal and real property involved was alleged to be $100.00 or more. The case was set for a jury trial on May 14, 1981. On the day before the trial the defendant Dirgo moved the court for a trial to a jury of one person. His motion was based upon section 18–1–406(4), C.R.S. 1973 (1978 Repl. Vol. 8), which provides:

> "(4) Except as to class 1 felonies, the defendant in any felony or misdemeanor case may, with the approval of the court, elect, at any time before verdict, to be tried by a number of jurors less than the number to which he would otherwise be entitled."

The statutorily prescribed jury to which one accused of a felony is entitled is a jury of twelve persons. Section 18–1–406(1), C.R.S. 1973 (1978 Repl. Vol. 8). The district court, although expressing doubts about the wisdom of the procedure, concluded that the statute permitted a jury of one person and therefore the court granted Dirgo's motion. The district attorney sought relief from this order and we issued our rule to show cause.

It is fundamental that one accused of a felony is constitutionally entitled to a jury trial. *U.S.Const.* amend. VI; *Colo. Const.* art. II, sections 16 and 23; section 16–10–101, C.R.S. 1973 (1978 Repl. Vol. 8). It is also clear that the accused may waive his constitutional right to a jury. *Garcia v. People*, Colo., 615 P.2d 698 (1980). *See also Rice v. People*, 193 Colo. 270, 565 P.2d 940 (1977).

The preliminary question for determination is whether under section 18–1–406(4)

above set forth, one accused of a felony, other than a class 1 felony, may, with the approval of the court, elect to be tried by a number of jurors less than the number to which he would otherwise be entitled.

■ In *Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), the validity of a Florida statute[1] was challenged, which provided for a jury of six in all criminal cases except capital cases where a jury of twelve was constitutionally mandated. The Supreme Court held as follows:

"... The question in this case then is whether the constitutional guarantee of a trial by "jury" necessarily requires trial by exactly 12 persons, rather than some lesser number—in this case six. We hold that the 12-man panel is not a necessary ingredient of "trial by jury," and that respondent's refusal to impanel more than the six members provided for by Florida law did not violate petitioner's Sixth Amendment rights as applied to the States through the Fourteenth."

It is thus not constitutionally impermissible under the United States Constitution to impanel a jury of six rather than twelve to try a felony case other than a capital case.

■ We find no language in the Colorado Constitution[2] which mandates that one accused of a felony may not elect to be tried by a jury numbering less than twelve persons. The enactment of the statute under consideration, section 18–1–406(4), C.R.S. 1973 (1978 Repl. Vol. 8), is a recognition that public policy does not demand a jury of twelve in non-capital felony cases. Reinforced by the rationale of *Williams, supra,* we hold that one accused of a felony, other than a capital offense, may at his election, subject to the statutorily required approval of the court, be tried to a jury of less than twelve persons.

■ We next consider the validity of the trial court's determination that the defend-

ant could be tried by a jury of one. We hold that the court's ruling was erroneous.

■ Initially, we observe that section 18–1–406(4) does not speak in terms of a single juror, but rather of a "number of *jurors* less than the number to which he would otherwise be entitled." (Emphasis added.) More importantly, the term "jury" connotes a deliberative body of persons. The word "jury" has been defined as:

"A body of men sworn to give a verdict upon some matter submitted to them; ... a body of men selected according to law, impaneled and sworn to inquire into and try any matter of fact, and to give their verdict according to the evidence legally produced." *Webster's Third New International Dictionary*, 1966.

*See also Black's Law Dictionary* 993 (rev. 4th ed. 1968); *Williams, supra; Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); *Singer v. United States*, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965).

■ In *Williams, supra,* the Supreme Court speaking to the size of a jury stated:

"... the essential feature of a jury obviously lies in the interposition between the accused and his accuser of the common-sense judgment of a *group of laymen*, and in the community participation and shared responsibility that results from that group's determination of guilt or innocence. The performance of this role is not a function of the particular number of the body that makes up the jury. To be sure, the number should probably be large enough to promote group deliberation, free from outside attempts at intimidation, and to provide a fair possibility for obtaining a representative cross-section of the community...." (Emphasis added.)

---

1. Fla.Stat. § 913.10(1) (1967):

   "Twelve men shall constitute a jury to try all capital cases, and six men shall constitute a jury to try all other criminal cases."

2. *Colo.Const.* art. II, sec. 23, provides:

"*Trial by jury—grand jury.* The right of trial by jury shall remain inviolate in criminal cases; but a jury in civil cases in all courts, or in criminal cases in courts not of record, may consist of less than twelve persons, as may be prescribed by law...."

It is thus obvious that a jury may not be composed of a single person. If the accused desires a one person determination of his guilt or innocence, he may waive the jury and be tried by the court.

We are thus left with the question of what minimum number of persons may compose a constitutional jury in a non-capital felony case if a defendant elects under the statute to be tried by a jury of less than the number to which he is entitled. We are guided in our determination by the decision in *Ballew v. Georgia*, 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978). In that case the petitioner was accused of a misdemeanor which under the Georgia statute was triable by a jury of five persons. He contended he was entitled to a jury of twelve. The Supreme Court held that a jury of less than six persons substantially threatens Sixth and Fourteenth Amendment guarantees and held that the Georgia statute was unconstitutional.

The essence of the Court's reasoning, as previously expounded in *Williams v. Florida, supra*, was that since the purpose of a jury trial is to prevent oppression by the government and to safeguard against corrupt and overzealous prosecution, that purpose could be attained by participation of the community in the determination of guilt and by the application of the common sense of laymen who as jurors consider the case. This function could only be served by a jury of sufficient size to promote group deliberation, to insulate the members of the jury from outside intimidation, and to provide a representative cross section of the community. The Supreme Court held in *Williams* that a jury of six could adequately perform that function and satisfy the underlying purposes of a jury.

In *Ballew, supra*, the Court had before it numerous empirical studies concerning the minimum size below which the number of jurors would not be able to function as required by the standards enunciated in

*Williams, supra*. The Court in *Ballew* concluded as follows:

"While we adhere to, and reaffirm our holding in *Williams v. Florida*, these studies, most of which have been made since *Williams* was decided in 1970, lead us to conclude that the purpose and functioning of the jury in a criminal trial is seriously impaired, and to a constitutional degree, by a reduction in size to below six members. We readily admit that we do not pretend to discern a clear line between six members and five. But the assembled data raise substantial doubt about the reliability and appropriate representation of panels smaller than six. Because of the fundamental importance of the jury trial to the American system of criminal justice, any further reduction that promotes inaccurate and possibly biased decisionmaking, that causes untoward differences in verdicts, and that prevents juries from truly representing their communities, attains constitutional significance."

■ The defendant Dirgo in the present case is not asserting a denial of a constitutional jury. However, in our view, to allow Dirgo to elect to be tried by a jury of less than six persons would submit the issue of his guilt or innocence to a body of persons insufficient in number to function in accordance with the standards set forth in *Williams, supra,* and thus not qualify as a valid jury.

■ For the foregoing reasons we draw the line at six persons and hold that one accused of a non-capital felony who elects, pursuant to section 18–1–406(4), C.R.S. 1973 (1978 Repl. Vol. 8), to be tried by a jury of less than twelve persons may not be tried by a jury of less than six persons.[3] It follows that a jury of one as requested and ordered in this case is no jury at all.

Rule made absolute.

---

**3.** This determination applies equally to one accused of a class 1 misdemeanor. See section 18–1–406(1), C.R.S. 1973 (1978 Repl. Vol. 8).

We make no present determination of the validity of the statute as it pertains to misdemeanors other than class 1 misdemeanors. *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970).