2014 CO 6

**The PEOPLE of the State of Colorado, Petitioner/Cross–Respondent,**

v.

**Marshall Adam WALKER, Respondent/Cross– Petitioner.**

**Supreme Court Case No. 11SC289**

Supreme Court of Colorado.

February 3, 2014

Attorneys for Petitioner: John W. Suthers, Attorney General, Joseph G. Michaels, Assistant Attorney General, Denver, Colorado.

Attorneys for Respondent: Douglas K. Wilson, Public Defender, Elizabeth Griffin, Deputy Public Defender, Denver, Colorado.

CHIEF JUSTICE RICE delivered the Opinion of the Court.

¶ 1 This case asks us to determine whether Respondent Marshall Adam Walker effectively waived his right to a jury trial. We hold that a defendant may not litigate the validity of such a waiver on direct appeal but must do so in a post-conviction proceeding. We further hold that, when evaluating a defendant's waiver of the right to a jury trial, the post-conviction court must determine whether the defendant personally waived that right knowingly, voluntarily, and intelligently. We also hold that an inadequate advisement that fails to comply with Crim. P. 23(a)(5)(II) does not automatically entitle a defendant to an evidentiary hearing. Rather, in order to obtain such a hearing, the defendant must allege specific facts suggesting that his waiver was not knowing, voluntary, and intelligent. Finally, we affirm Walker's indeterminate sentences.

¶ 2 Because the court of appeals should not have reviewed Walker's challenge regarding the validity of his waiver of the right to a jury trial, we vacate its ruling in regard to Walker's challenge to the validity of his jury trial waiver. We otherwise uphold the court of appeals' judgment of conviction. If Walker wishes to challenge the validity of his waiver (and its effect on his sentences), he must do so in a post-conviction proceeding.

## I. Facts and Procedural History

¶ 3 Walker taught middle school science in Jefferson County for nearly a decade. During his teaching career, Walker paid for

hunting trips with three of his male students. Walker used the hunting trips to engage in unlawful sexual behavior with the three boys. Eventually, one of Walker's victims told his father about Walker's sexual abuse. The People ultimately charged Walker with thirty counts of sexual exploitation, three counts of enticement, and four counts of unlawful sexual contact arising from Walker's conduct.

¶ 4 One week before trial, Walker waived his right to a jury with the following colloquy:

> *Walker's Counsel*: Your Honor, the defendant desires to waive his right to a jury in this case, and we would ask that the matter be heard by this Court.
>
> *Trial Court*: And what's the position of the People?
>
> *Prosecutor*: We have no objection to the Court hearing this matter.
>
> *Trial Court*: And, Mr. Walker, you understand you have the right to a jury trial?
>
> *Walker*: That's correct.
>
> *Trial Court*: And here your attorney is representing that you wish to waive a jury trial; is that correct?
>
> *Walker*: That is correct.
>
> *Trial Court*: Are you under the influence of any drugs, alcohol, or medications?
>
> *Walker*: No I'm not.
>
> *Trial Court*: Have you been forced or coerced to waive a jury trial in this case in any way?
>
> *Walker*: No, I have not.
>
> *Trial Court*: The Court finds the defendant has entered a knowing and intelligent waiver of his right to jury trial, and the matter will be heard by the Court.

¶ 5 At trial, the evidence established that Walker sexually exploited his victims by photographing them naked. In addition to the hunting trips, Walker convinced the boys to pose nude in exchange for a new gun, pornography, and—in at least one instance—raising a victim's low grade. Walker was convicted of thirty exploitation counts, two enticement counts, and three unlawful sexual contact counts.

¶ 6 The trial court sentenced Walker to a four-year determinate sentence and indeter-minate sentences for twenty-four of his sexual exploitation counts. Walker appealed.

¶ 7 Despite affirming Walker's conviction, the court of appeals remanded Walker's case for an evidentiary hearing to determine whether Walker validly waived his right to a jury trial. *People v. Walker*, —— P.3d ——, ——, No. 07CA1572, 2011 WL 724673, at *20 (Colo.App. Mar. 3, 2011). Applying a plain error standard, the court of appeals opined that Walker's "advisement did not substantially comply with the requirements set forth in Crim. P. 23(a)(5)(II)(b)(i)–(v), which was in effect at the time of [Walker's] purported waiver." *Id.* at ———––——, 2011 WL 724673 at *16–17.

¶ 8 The court of appeals also instructed the trial court to use the evidentiary hearing to resolve Walker's argument that his indeterminate "sentences must be vacated." *Id.* at ——, 2011 WL 724673 at *20. The court of appeals held that it was unable to resolve Walker's "contention concerning the indeterminate sentences [because that issue turned] upon the outcome of [Walker's] evidentiary hearing." *Id.* In other words, only if Walker had effectively waived his right to a jury trial could the trial court properly consider the requisite additional facts supporting Walker's indeterminate sentences. *See id.*

¶ 9 We granted certiorari to address: (1) whether a trial court's advisement on a defendant's right to waive a jury trial that fails to comply with Crim. P. 23(a)(5)(II) constitutes error requiring remand for a post-conviction evidentiary hearing, and (2) whether determinate sentences must be imposed on Walker's exploitation counts because section 18–1.3–1004(4)(a)(II), C.R.S. (2011) (current version at section 18–1.3–1004, C.R.S. (2013)) was not charged or because there was no jury trial waiver.

## II. Procedure for Reviewing Jury Trial Waiver

¶ 10 Walker argues that because the trial court's advisement failed to comply with Crim. P. 23(a)(5)(II), he is entitled to a hearing to present evidence that his waiver of the right to a jury trial was in fact invalid. Before considering the effect of an inade-

quate advisement, we must first clarify the procedure for reviewing such an argument. We hold that a defendant may not contest the validity of his waiver of a right to jury trial on direct appeal; rather, he must raise such an argument in a post-conviction proceeding.

¶ 11 Our holding harmonizes with another opinion we decide today, *Moore v. People*, 2014 CO 8, 318 P.3d 511. In that case, we hold that a defendant may only challenge his waiver of the right to testify in a post-conviction proceeding. *Id.* at ¶ 3. We reach this conclusion because "a defendant's challenge to the knowing, voluntary, and intelligent waiver of the right to testify likely will require a post-conviction court to look beyond the trial court's advisement into facts that the defendant brings forward that are not contained in the direct appeal record." *Id.* at ¶ 17. Therefore, we recognize that requiring post-conviction review of such a waiver "focuses not only on the sufficiency of the advisement itself, but also on the actual knowing, voluntary, and intelligent nature of a defendant's waiver." *Id.* Finally, we hold that a defendant is not required to contemporaneously object to the trial court's advisement in order to challenge his waiver of the right to testify in the post-conviction setting, as "it is illogical to oblige a defendant to object contemporaneously to the trial court's advisement." *Id.* at ¶ 18.

■ ¶ 12 The right to a jury trial obviously differs from the right to testify; procedurally speaking, however, the two are quite similar. Both derive from the United States and Colorado Constitutions. U.S. Const. amends. VI, XIV; Colo. Const. art. II, §§ 23, 25. More importantly, in the event of waiver, both are accompanied by procedural safeguards to ensure that defendants are properly advised of these rights. *Compare People v. Curtis*, 681 P.2d 504, 514 (Colo.1984) (requiring trial courts to advise defendants regarding their right to testify), *with* Crim. P. 23(a)(5)(II) (instructing trial courts to advise defendants regarding their right to a jury trial). It thus follows that the concerns we identify in *Moore* regarding direct appeal of a waiver of the right to testify similarly attend a waiver of the right to a jury trial,

and it is only rational to apply the same procedure—that is, requiring defendants to challenge their waiver in a post-conviction proceeding—to both rights.

■ ¶ 13 Accordingly, we hold that a defendant may not challenge his waiver of the right to a jury trial on direct appeal but must do so in a post-conviction proceeding. Furthermore, a defendant need not contemporaneously object to his advisement in order to litigate the validity of his waiver of the right to a jury trial before a post-conviction court. Having reached this conclusion, we now consider the effect of an inadequate trial court advisement on the waiver of the right to a jury trial.

### III. Jury Trial Waiver

■ ¶ 14 We hold that a defendant effectively waives his right to a jury trial when he personally waives that right knowingly, voluntarily, and intelligently. We further hold that an inadequate advisement that fails to comply with Crim. P. 23(a)(5)(II) does not automatically entitle a defendant to an evidentiary hearing in a post-conviction proceeding. Rather, in order to obtain such a hearing, the defendant must allege specific facts suggesting that his waiver was not knowing, voluntary, and intelligent.

### A. Standard for Evaluating Waiver of the Right to Jury Trial

■ ¶ 15 The United States and Colorado Constitutions guarantee criminal defendants the right to trial by an impartial jury. U.S. Const. amend. VI; Colo. Const. art. 2, § 23. Neither constitution, however, guarantees a criminal defendant the right to waive his jury trial and have his case tried to the court. *See People v. Dist. Court*, 953 P.2d 184, 188 (Colo.1998); *see also* § 16–10–101, C.R.S. (2013) (providing that the prosecution can refuse to consent to a defendant's jury trial waiver). Rather, the right to waive a jury trial has more accurately been "characterized as a common law right subject to regulation or abrogation by the legislature." *Dist. Court*, 953 P.2d at 188.

■ ¶ 16 Accordingly, two constitutional requirements attend a defendant's decision

to waive his right to a jury trial. First, a defendant can only waive this fundamental right personally. *Rice v. People*, 193 Colo. 270, 271, 565 P.2d 940, 941 (1977). Second, any waiver must be voluntary, knowing, and intelligent. *See People v. Norman*, 703 P.2d 1261, 1271 (Colo.1985) (holding that a defendant's waiver of his right to a jury trial is valid where the record demonstrates that the waiver was voluntary, knowing, and intentional). A waiver is voluntary if it is "not coerced ... either physically or psychologically." *People v. Mozee*, 723 P.2d 117, 121 n. 4 (Colo.1986). It is made knowingly if the defendant knows of "the existence of the right and any other information legally relevant to the making of an informed decision either to exercise or relinquish that right." *Id.* And it is intelligent if the defendant is "fully aware of what he is doing and ... make[s] a conscious, informed choice to relinquish the known right." *Id.*

¶ 17 With the constitutional standard for an effective waiver in mind, we now address the first certiorari issue presented in this case: whether a trial court's advisement that fails to comply with Crim. P. 23(a)(5)(II) constitutes error requiring an evidentiary hearing. Consistent with this Court's precedent, the plain language of amended Crim. P. 23(a)(5) reiterates the constitutional standard.[1] Two provisions in the amended rule explicitly adopt the language from this Court's precedent. The first, Crim. P. 23(a)(5)(II)(a), adopts the constitutional requirement that the trial court should determine that a defendant's waiver is "voluntary." *See, e.g., People v. Fowler*, 183 Colo. 300, 304, 516 P.2d 428, 429 (1973). Similarly, Crim. P. 23(a)(5)(II)(b)(v) also adopts the

"personal waiver" constitutional requirement that the trial court should ensure that a defendant's waiver is his choice "alone and may be made contrary to counsel's advice." *See, e.g., Rice*, 193 Colo. at 272, 565 P.2d at 942. The voluntary and personal requirements of a jury trial waiver are therefore explicitly addressed in the amended language of Crim. P. 23(a)(5)(II), subsections (a) and (b)(v), respectively.

¶ 18 The remaining Crim. P. 23(a)(5)(II)(b) factors assist the trial court in determining that a defendant understands his waiver, i.e., that the waiver is knowing and intelligent. The second factor, Crim. P. 23(a)(5)(II)(b)(ii), for example, instructs the trial court to ensure that a defendant appreciates that "[t]he jury would be composed of a certain number of people." This factor speaks to a knowledgeable waiver because a defendant who does not understand a jury's composition could not knowingly waive his jury trial right. Additionally, the fourth factor, Crim. P. 23(a)(5)(II)(b)(iv), encourages the trial court to determine that a defendant knows that "[i]n a trial to the court, the judge alone would decide the verdict." The remaining factors similarly help a trial court confirm that a defendant's personal waiver is voluntary, knowing, and intelligent. *See, e.g., Crim. P. 23(a)(5)(II)(b)(i).

¶ 19 We note that while it is best practice for a trial court to establish all of the provisions found in Crim. P. 23(a)(5)(II) on the record, the trial court's failure to explicitly address each provision on the record does not per se violate a defendant's fundamental jury trial right.[2] *Accord United States v.*

---

1. The relevant portion of amended Crim. P. 23(a)(5) reads:

    (I) The person accused of a felony or misdemeanor may, with the consent of the prosecution, waive a trial by jury in writing or orally in court. Trial shall then be to the court.

    (II) The court shall not proceed with a trial to the court after waiver of jury trial without first determining:

    (a) That the defendant's waiver is voluntary;

    (b) That the defendant understands that:

    (i) The waiver would apply to all issues that might otherwise need to be determined by a jury including those issues requiring factual findings at sentencing;

    (ii) The jury would be composed of a certain number of people;

    (iii) A jury verdict must be unanimous;

    (iv) In a trial to the court, the judge alone would decide the verdict;

    (v) The choice to waive a jury trial is the defendant's alone and may be made contrary to counsel's advice.

2. We overrule *People v. Montoya*, 251 P.3d 35, 43 (Colo.App.2010), to the extent that it suggests that the amended rule modified the requirements for a defendant's waiver of his right to a jury trial. *See id.* ("We therefore conclude Crim. P. 23(a)(5)(II) was intended to require that trial courts conduct on-the-record advisements to de-

*Boynes,* 515 F.3d 284, 286 (4th Cir.2008) ("Although we reiterate our view that it is much preferable for a district court to insure itself on the record before accepting the defendant's jury waiver, it is not a constitutional imperative. The constitutional imperative is this, no less and no more: the waiver must be knowing, intelligent, and voluntary."). We hold that the validity of a defendant's waiver does not hinge upon any formula, nor is strict compliance with Rule 23(a)(5)(II) a sine qua non for a valid waiver.[3] *See People v. Thompson,* 121 P.3d 273, 276 (Colo.App. 2005) ("[W]e necessarily reject defendant's contention that a valid waiver of the right to jury trial presupposes extensive, on-the-record advisements ...."); *see also Blehm v. People,* 817 P.2d 988, 998 (Colo.1991) (discussing compliance with a Colorado Rule of Criminal Procedure in the context of a defendant's guilty plea and holding that "noncompliance is not inexorably determinative of constitutional" validity). We refuse to elevate form over substance and therefore affirm our well-settled constitutional standard that a defendant's waiver of his right to a jury trial must be voluntary, knowing, and intelligent.

## B. Application of This Standard in Post–Conviction Proceedings

■ ¶ 20 As we have indicated, going forward, defendants must challenge waivers of both the right to testify and the right to a jury trial in post-conviction proceedings. In both cases, the defendant bears the burden of alleging facts that would substantiate his claim that he did not waive the right knowingly, voluntarily, and intelligently. *See Moore,* ¶¶ 22–23. In such a scenario, the post-conviction court then determines whether to hold an evidentiary hearing or to simply deny the defendant's motion. *See id.* at ¶ 23. This post-conviction procedure is identical regardless of whether the defendant's challenge involves his waiver of the right to testify or the right to a jury trial.

■ ¶ 21 We note that even if the trial court's advisement regarding the right to a jury trial is plainly inadequate, the defendant is not necessarily entitled to an evidentiary hearing. In general, a post-conviction court need not grant an evidentiary hearing if "the motion, the files, and the record 'clearly establish that the allegations presented in the defendant's motion are without merit and do not warrant postconviction relief.'" *People v. Rodriguez,* 914 P.2d 230, 255 (Colo.1996) (quoting *People v. Trujillo,* 190 Colo. 497, 499, 549 P.2d 1312, 1313 (1976)). Moreover, a hearing is not required "where the motion fails to assert facts that, if true, would support a constitutional claim." *Id.* As we have illustrated, in the right to jury trial context, an inadequate advisement alone does not automatically render a defendant's waiver ineffective. *See Moore,* ¶ 28 ("[E]ven where a defendant does not receive an adequate advisement, a defendant still must make factual allegations which, if proved, would warrant an evidentiary hearing in the post-conviction proceeding."). Thus, if the post-conviction court determines, notwithstanding an inadequate advisement, that the defendant waived his right to a jury trial knowingly, voluntarily, and intelligently, it need not conduct an evidentiary hearing. *See* Crim. P. 35(c)(3)(IV) (instructing post-conviction courts to consider the scenario where the defendant's motion "states factual grounds that, if true, entitle the party to relief, but the files and records of the case show to the satisfaction of the court that the factual allegations are untrue").

¶ 22 Accordingly, we hold that an inadequate advisement that fails to comply with Crim. P. 23(a)(5)(II) does not automatically entitle a defendant to an evidentiary hearing in a post-conviction proceeding. Rather, in order to obtain such a hearing, the defendant

---

fendants informing them of specific elements of their right to a trial by jury and of certain consequences if they waive that right.").

**3.** Particular to this case, undue fidelity to Rule 23 would improperly allow a criminal defendant to make a strategic decision waiving his right to a jury trial, only to challenge that decision on technical grounds after his conviction. *See* Crim. P. 2 ("These Rules are intended to provide for the just determination of criminal proceedings. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay.").

must allege specific facts suggesting that his waiver was not knowing, voluntary, and intelligent. Because the court of appeals should not have reviewed Walker's challenge regarding the validity of his waiver of the right to a jury trial, we vacate its ruling in regard to that challenge. If Walker wishes to challenge the validity of his waiver, he must do so in a post-conviction proceeding.

## IV. Indeterminate Sentences

¶ 23 The trial court imposed indeterminate sentences on Walker for twenty-four of his sexual exploitation counts. We granted certiorari to consider whether determinate sentences must be imposed on these counts because section 18–1.3–1004(4)(a)(II) was not charged or because there was no jury trial waiver. We now affirm Walker's indeterminate sentences.[4]

¶ 24 Walker advances two arguments against the trial court's imposition of indeterminate sentences for his conviction on twenty-four counts of sexual exploitation of a child. He first argues that his indeterminate sentences violate the United States Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In that case, the Supreme Court held that "[i]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed." *Id. Apprendi* and its progeny apply to jury fact-finding. *See, e.g., United States v. Booker,* 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").

¶ 25 Because we hold that Walker is prohibited from challenging the validity of his waiver of the right to a jury trial on direct appeal, however, we must assume for the purposes of this argument that his waiver

was indeed valid. As such, the trial court's fact-finding carries the same significance as though the facts were found by a jury. *See Blakely v. Washington,* 542 U.S. 296, 310, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (holding, in the context of a defendant's guilty plea, that "the State is free to seek judicial sentence enhancements so long as the defendant … consents to judicial factfinding"). Therefore, *Apprendi* has no bearing on his claim.

¶ 26 Walker also argues that his information did not provide sufficient notice that he might face indeterminate sentencing on the twenty-four counts of sexual exploitation of a child. Whether the information sufficiently charged Walker is a question of law we review de novo. *People v. Melillo,* 25 P.3d 769, 777 (Colo.2001). Our de novo review reveals that the information was sufficient, as it identified the essential elements of the crime charged. *See id.* at 777–78; *see also* Crim. P. 7(b)(2) (providing the requirements for determining that an information is "technically sufficient"). The information therefore put Walker on notice that he was charged with multiple counts of sexual exploitation of a child and thus provided sufficient notice that these charges were subject to discretionary indeterminate sentencing pursuant to section 18–1.3–1004(4).

¶ 27 Accordingly, we affirm Walker's indeterminate sentences.

## V. Conclusion

¶ 28 The court of appeals should not have reviewed Walker's challenge regarding the validity of his waiver of the right to a jury trial. Accordingly, we vacate the court of appeals' ruling in regard to Walker's challenge to the validity of his jury trial waiver. We otherwise uphold the court of appeals' judgment of conviction, and we affirm Walker's indeterminate sentences. If Walker wishes to challenge the validity of his waiver (and its effect on his sentences), he must do so in a post-conviction proceeding.

---

4. Because Walker was required to litigate the validity of his jury trial waiver in a post-convic-

tion proceeding, we need not consider any effect of his allegedly invalid waiver on his sentences.

JUSTICE COATS concurs in part and dissents in part, and JUSTICE EID joins in the concurrence in part and dissent in part.

JUSTICE BOATRIGHT does not participate.

JUSTICE COATS, concurring in part and dissenting in part.

¶ 29 Although I agree with the majority's conclusion that a failure to fully administer the advisements required by Crim. P. 23(a)(5)(II) cannot itself amount to error at all, much less plain error, for largely the reasons articulated in my separate opinion in *Moore v. People*, 2014 CO 8, 318 P.3d 511, also announced today, I do not believe the majority opinion presents a consistent and integrated theory of the constitutional waiver at issue or makes clear whether a defendant must nevertheless understand the substance of those advisements to make an intelligent waiver. I particularly disagree, however, with the majority's procedural rule relegating all waiver challenges to post-conviction proceedings pursuant to Crim. P. 35(c). While I also believe the court of appeals failed to appreciate that a personal waiver on the record is sufficient to presume a voluntary, knowing, and intelligent waiver unless and until evidence appears to the contrary, I see no reason why an appellate court should be prohibited, in an appropriate case, from remanding for the necessary trial court proceedings to develop such evidence, rather than forcing the defendant to file a separate motion for post-conviction relief and refile an appeal from any unsatisfactory ruling he might receive.

¶ 30 I therefore concur in part and dissent in part.

¶ 31 I am authorized to state that Justice EID joins in the concurrence in part and dissent in part.